## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRYAN HOLT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 06-127-JPG** |
| | ) | |
| **JUDGE LOCKWOOD,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court are five documents (Doc. 1) that the Clerk construed as a civil rights complaint. However, these documents consist of one hand-written page rambling about the fact of Plaintiff's conviction and the treatment he received in Saline County jail. The remaining four pages consist of a two-page state court docket sheet and two letters from a physician regarding Plaintiff's medical treatment.

> Rule 8(a)(2) [of the Federal Rules of Civil Procedure] requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also*

*Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that Plaintiff's filing does not provide such a short and plain statement of the claim, as it does not set forth what claims are made against each defendant. Proceeding with the instant "complaint" also "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."

In addition, although Plaintiff has filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, he has not submitted a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by § 1915(a)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **STRICKEN** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure and this District's Local Rule 8.1(b). Plaintiff is **GRANTED** leave to refile his complaint in compliance with this Memorandum and Order within **THIRTY (30) DAYS** of entry of this Memorandum and Order. Should Plaintiff wish to refile his complaint within the allotted time, it is strongly recommended that he use the forms designed for use in this District for such actions.

**IT IS FURTHER ORDERED** that any new complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, and the actions alleged to have been taken by that defendant.

**IT IS FURTHER ORDERED** that Plaintiff shall provide a complete copy of the complaint for each named defendant, as well as one original complaint for the Court. Should he wish to have a copy file-stamped for his records, Plaintiff must provide an extra, complete copy for that purpose.

**IT IS FURTHER ORDERED** that any new complaint filed by Plaintiff that is not in strict compliance with this order shall be **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint.  Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.  Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.*  28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to refile his complaint in strict compliance with this Memorandum and Order,  this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b).  *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

The Clerk is **DIRECTED** to provide Plaintiff with a sufficient number of the appropriate forms to file a civil rights action in this District.

**IT IS SO ORDERED.**

**Dated: February 22, 2006.**

               **s/ J. Phil Gilbert**
               **U. S. District Judge**